Affirmed and Memorandum Opinion filed February 28, 2008








Affirmed and Memorandum Opinion filed February 28,
2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01133-CR

_______________

 

ANTOIN DENEIL MARSHAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1087328 

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

A jury convicted Antoin Deneil
Marshal of capital murder, and he was automatically sentenced to life
imprisonment in the Institutional Division, Texas Department of Criminal
Justice.  In three issues, he challenges the admission of certain testimonial
evidence.  We affirm.

I.  Factual and Procedural Background








On October 25, 2005, off-duty Houston
police officers Reuben DeLeon and Starlyn Martinez met by prior agreement at an
apartment maintained for police officers at the Woodscape Apartment Complex in
Houston.  Before going out for the evening, DeLeon stored a shotgun in a
bedroom closet, and Martinez placed both officers= duty weapons in the trunk of her
car.  Martinez and DeLeon then met several other police officers at a local
venue and returned to the apartment at approximately 2:30 a.m.  Within five
minutes, someone knocked at the door, and DeLeon looked through the door=s peephole.  Martinez followed
DeLeon, looked through the peephole, and observed a black male.  She told
DeLeon that she did not recognize the man, and DeLeon stated, AWell, let me see who it is.  Let me
see what they want.@  As Martinez walked to the back of the apartment, she heard
DeLeon and the unknown person having a calm conversation.  According to
Martinez, she then heard the door shake, and before she could turn, she heard a
gunshot.  

Martinez ran to the bedroom closet to
retrieve the shotgun, and while she was removing the gun from its zippered
case, she heard several more shots.  According to Martinez, she heard
approaching footsteps, and as she emerged from the closet she heard DeLeon say,
AStarlyn, get the shotgun,@ before he fell to the floor. 
Officer DeLeon had been shot in the chest, and the bullet had passed through
his heart and left lung.  A second bullet lodged in his right arm.  Despite
Martinez=s resuscitation efforts and the
response of emergency personnel, DeLeon died at the scene.

Outside the apartment, investigators
recovered a black skull cap or Ado-rag@ and a watchguard from a man=s wristwatch.  This evidence was not
disclosed to the media, nor were reporters informed of the location of DeLeon=s injuries, the caliber of weapon
used, or his final words to Martinez.

At a live line-up, Martinez
identified Brandon Zachary as the person she saw through the peephole on the
night of the murder.  Another resident of the apartment complex testified that
he saw Zachary and appellant enter the apartment building immediately before
the shots  were fired and run away from the building immediately afterward. 
The resident had never seen appellant or Zachary before.  








Over appellant=s objections, appellant=s fellow inmate Michael Buchanan
testified that appellant told him in detail of the roles that he and Zachary
played in DeLeon=s murder.  According to Buchanan, appellant stated that he
and Zachary witnessed a third person, alleged gang member Nickolaus Victoria,
shoot a man.  Victoria told appellant and Zachary that they also had to shoot
someone to prove that Victoria could trust them.  Buchanan testified that
appellant told him Victoria chose DeLeon as the victim and waited in a car
while appellant and Zachary committed the murder.  Buchanan also attributed
statements to appellant that indicated he had knowledge of the evidence
recovered from the scene that had not been publicly disclosed. 

Appellant testified that he had known
Zachary for years, and the pair had previously been arrested together.  He
stated that he had seen Zachary in Beaumont on the evening before the murder
and left his jacket in Zachary=s car; however, appellant denied that he was in Houston on
the night of the murder.  

Finally, Sergeant Michael Scott of
the Houston Police Department described appellant=s prior statement that he and Zachary
were fellow gang members and that he was with Zachary the entire night of the
murder.  According to Scott, appellant further stated that ABrandon did something stupid.@

The jury convicted appellant of
capital murder, and he was sentenced to imprisonment for life.  This appeal
timely ensued.

II.  Issues Presented

Appellant presents three issues for
review.  In his first two issues, appellant challenges the trial court=s admission of evidence of appellant=s alleged gang affiliation and prior
narcotics offenses.  In his third issue, appellant contends that the prosecutor
improperly introduced hearsay evidence that his alibi witnesses denied seeing
him on the night of the murder.  The State responds that appellant presents
nothing for review because he failed to preserve error on any of these issues.

 








III. 
Analysis

A.        Standard of Review

We review the trial court=s evidentiary rulings for abuse of
discretion.  Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App.
1990) (en banc).  We will not disturb the trial court=s ruling if it is Awithin the zone of reasonable
disagreement.@  Winegarner v. State, 235 S.W.3d 787, 790 (Tex. Crim. App.
2007).  Instead, we will uphold the ruling if it is reasonably supported by the
record and correct on any theory of law applicable to the case.  Willover v.
State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

To preserve error for appellate
review, the complainant must make a timely, specific  objection that the trial
court refuses.  Tex. R. Evid. 103; 
Tex. R. App. P. 33.1(a); Young
v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (en banc).  Ordinarily,
an objection is required every time inadmissible evidence is presented.  Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Error in allowing
inadmissible evidence is cured when the same evidence is admitted without
objection.  Id.

B.        Buchanan=s Testimony 

In his first two issues, appellant
contends that the trial court erred in admitting testimony from witness Michael
Buchanan.  In several instances, defense counsel renewed prior objections;
consequently, the grounds for these objections cannot be discerned unless the
content of the prior objections is also related.  We therefore present the
relevant testimony, objections, and rulings together.

Before Buchanan was called to
testify, the following exchange occurred outside the jury=s presence:  








Defense:         I=d
like the record to reflect that we would object at this time to any testimony
that he has based on what someone told him because at this point
there=s no connection to my defendant with the scene.  This is jailhouse snitches who are coming after any
custodial investigations, after any statements alleging that they know what my
client did or how he did it, for example, the watchband and all that.  None
of this has been brought up yet, and we=d object that it=s totally hearsay at this time.  And also to relevance.

Court: Well, as to when you say somebody told him - -

Defense:         Well, he=s going to argue that it=s my client.  All right?  But at this time, there=s nothing that=s
been connected to my client - - not a watch, not a fingerprint, not an
identification, not a statement or anything.  So, now we have a snitch who=s coming in, saying: Oh, your client told me.  So, we=re going to argue that this is a statement against
penal interest.  But it=s still at this point irrelevant because nothing has connected my
client to this crime.

(emphasis added).  In sum, defense
counsel asserted hearsay and relevancy objections to Buchanan=s testimony on the ground that
previously-admitted evidence did not connect appellant to the murder.  The
trial court overruled these objections.  

Buchanan was then called to testify,
and defense counsel objected as follows:

State:              Do you know a person by the name
of Antoin Marshal?

A:                    Yes, sir.

Defense:         Your Honor, at this time we=d like to renew our objection as to being irrelevant
at this time and the objection that
we made earlier outside the presence of the jury and ask for a running
objection.

Court: It will be overruled.  Make your objection as -
-

Defense:         May I have a running objection?

Court: No, sir.  You won=t get a running.  You=ll need to make
it at the time.

. . .

A:                    I asked him [appellant] what was
he doing down here in Houston.

State:              And he said what?

A:                    Hustling.

State:              What does Ahustling@
mean on the streets?

A:                    Making money, selling drugs,
whatever.

State:              Doing whatever?








A:                    Right.

State:              And what else did y=all talk about?

A:                    He just told me that as far as
the drugs, it was cheaper down here in Houston.

Defense:         Your Honor, I renew my objection. 
I=d ask for a running objection so that every time he
talks about some kind of an extraneous offense or not even related to this
offense, that I won=t have to stand up.

Court: Go ahead and make your objection for the
record.

Defense:         We object that this is irrelevant,
that he has not been even connected to this crime, that this is a back door
attempt to get a statement against penal interest without even first connecting
my client to this crime.  We would argue that it=s - - basically, now all of this is hearsay, let alone
a statement against penal interest.

Court: It=s
overruled.  Tailor your questions, though, to the focus of this inquiry.

State:              Yes, sir.

. . .

State:              Did he tell you about the crime
itself that he was inside for?

A:                    Yes, sir.

State:              What I=d like you to do is I=d like you to start at the beginning as to what he told you, the
sequence of events.

Defense:         We=d like to renew our objection at this time, Your Honor.

Court: Overruled.

. . .

State:              And then what does he say
happened?

A:                    He said that Nickolaus told them
this is the one they had to do.

State:              This is the one they had to do?

A:                    Right.

State:              Meaning what?

A:                    They had to do - - to shoot him
like he shot the other ones.

Defense:         Objection.  This is not
exculpatory as to this case.








Court: It=s
overruled.

(emphasis added).  The rulings
challenged in appellant=s first and second issues are those quoted above.  We turn
now to the specific issues and arguments raised in connection with these quoted
exchanges.

1.         Evidence of Gang Affiliation

Although appellant contends in his
first issue that the State improperly elicited testimony from Buchanan
concerning appellant=s alleged gang membership, appellant has failed to identify
the objectionable testimony in the record.  Moreover, appellant does not even
assert that defense counsel raised such an objection to Buchanan=s testimony, nor have we found this
to be the case.[1]  Thus,
appellant=s first issue presents nothing for review.  See Tex. R. App. P. 33.1; Cruz v. State,
225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (objection essential for
preservation of error).    We therefore overrule his first issue.

2.         Evidence
of Prior Narcotics Offenses

Appellant next contends the trial
court erred by allowing the State to introduce evidence of appellant=s prior dealings in narcotics.  In
support of this position, appellant argues that the evidence (i) is improper
character-conformity evidence, (ii) is not same transaction contextual
evidence, and (iii) is unfairly prejudicial.








a.         Character-Conformity Evidence

Appellant first argues the trial
court erred in overruling his objections because such evidence has great
potential to be misused as evidence of bad character and should be excluded
unless admission is justified under Texas Rule of Evidence 404(b).  See Tex. R. Evid. 404(b) (providing that A[e]vidence of other crimes, wrongs or
acts is not admissible to prove the character of a person in order to show
action in conformity therewith@).  The State responds that appellant failed to raise a
timely and specific objection on this basis.  

A review of the record shows that,
when Buchanan initially testified that appellant was in Houston selling drugs,
defense counsel renewed his earlier objections that the testimony was
irrelevant hearsay because appellant had not yet been connected to the crime. 
Defense counsel continued, AI=d ask for a running objection so that every time he talks
about some kind of an extraneous offense or not even related to this offense,
that I won=t have to stand up.@ Although appellant now suggests that this objection was
based on Texas Rule of Evidence 404(b), this basis was not apparent at trial. 
Instead, defense counsel renewed his original objections and indicated his
intent to renew his prior hearsay and relevancy objections whenever evidence of
extraneous offenses was introduced.  Thus, the objection was ambiguous at
best.  The trial court then allowed defense counsel to clarify, and again,
defense counsel restated the earlier hearsay and relevancy objections on the
grounds that appellant had not yet been connected to the charged offense. 








Based on our review of the record, we
conclude that the objections made at trial failed to preserve the distinct
arguments made on appeal regarding improper admission of extraneous-offense
evidence.  See Tex. R. App. P. 33.1;
Vasquez v. State, 225 S.W.3d 541, 543 (Tex. Crim. App. 2007) (noting
that a court of appeals may not overturn a trial court=s decision on a legal theory not
presented to the trial court); Reyna v. State, 168 S.W.3d 173, 177 (Tex.
Crim. App. 2005) (AWhichever party complains on appeal about the trial judge=s action must, at the earliest
opportunity, have done everything necessary to bring to the judge=s attention the evidence rule in
question and its precise and proper application to the evidence in question.@) (quoting 1 Stephen Goode, et al., Texas Practice: Guide to the Texas Rules of
Evidence: Civil and Criminal ' 103.2 (2d ed. 1993)). 

b.         Same Transaction Contextual Evidence

Appellant next contends that evidence
of drug dealing does not qualify as Asame transaction contextual evidence.@  But in our review of the record, we
find no indication that the State offered the evidence on that basis, or that
appellant objected on that ground.  Thus, this argument presents nothing for
review.

c.         Unfair
Prejudice

Finally, appellant asserts that
evidence of drug dealing is unfairly prejudicial.  As with appellant=s first argument, the State responds
that there was no timely and specific objection under Texas Rule of Evidence
403.  See Tex. R. Evid. 403
(allowing the exclusion of relevant evidence if its probative value is
substantially outweighed by, inter alia, the danger of unfair prejudice).  We 
agree with the State that appellant did not raise this objection at trial;
thus, appellant=s third argument is waived. 

In sum, each of appellant=s arguments asserted on appeal fails
to comport with the objection raised at trial.  An objection stating one legal
basis may not be used to support a different legal theory on appeal because the
trial judge did not have an opportunity to rule on that legal theory and the
State did not have an opportunity to remove the objections or supply other
testimony.  Cook v. State, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993)
(en banc).  For the foregoing reasons, we overrule appellant=s second issue.

C.        Improper Introduction of Hearsay Evidence













Appellant=s third issue is based on an exchange
that occurred during his cross-examination.[2] 
Appellant frames his third issue as follows: AThe prosecutor improperly introduced
hearsay evidence that the Appellant=s acquaintances in Beaumont
contradicted the Appellant=s claim that he was with them in Beaumont at the time of the
offense.@ 

This issue is without merit for
several reasons.  First, appellant does not identify an improper ruling by the
trial court, but instead contends that the prosecutor=s questions improperly introduced
evidence.  Questions, however, are not evidence.  Kercho v. State, 948
S.W.2d 34, 37 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d).[3] 
Second, appellant failed to pursue his objection to an adverse ruling.  See
Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (holding that,
to preserve error in prosecutorial argument, a defendant must pursue his
objections to an adverse ruling).  Appellant also failed to ask the trial court
for a jury instruction directing the jury to disregard the prosecutor=s statements.  See Ovalle v. State,
13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (en banc) (stating that a prompt
instruction to disregard ordinarily will cure error associated with an improper
question and answer).  Thus, appellant already has received all the relief he
requested.  And although appellant implies in his brief that this line of
questioning constituted prosecutorial misconduct, no such complaint was raised
in the trial court.  Therefore, this argument is waived.  See Shelling v.
State, 52 S.W.3d 213, 222B23 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d) (holding that counsel waived
appellate review of his contention of prosecutorial misconduct because he
objected only on the grounds that prosecutor=s questions were indefinite,
open-ended, leading, multifarious, and assumed facts not in evidence, and
further objected to Aform of the question@ and to counsel=s testimony).

In sum, appellant has failed to preserve
his third issue for review.  We therefore overrule appellant=s last issue.








IV.  Conclusion

Because the issues presented on
appeal do not comport with timely, specific objections made in the trial court,
appellant has failed to preserve the errors alleged.  We therefore overrule
each of appellant=s three issues and affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed February 28, 2008.

Panel consists of Justices Yates,
Guzman, and Sears.*

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  In addition, appellant subsequently testified as
follows:

State:                Isn=t it true that you=ve
admitted to being a 5-9 PIRU Blood?

A:                     Yes, sir.

State:                You admitted to that, right?

A:                     Yes, sir.

State:                You and I both know what 5-9
PIRU Blood is, don=t we?

A:                     Yes, sir.

State:                What is it?

A:                     It=s a Blood gang.





[2]  Appellant asserts that the prosecutor purposefully
introduced these hearsay statements through the following cross-examination:

State:                Did you know that the Houston
Police force went to Beaumont and interviewed all of these people that you
claimed to be your alibi?  Did you know that?

A:                     No, I didn=t.

State:                They talked to all of them?

A:                     No, I didn=t.  I=m pretty sure
that they were - - 

State:                Because they wanted to check it
out, see if you were telling the truth; isn=t
that right?

A:                     Yes, sir.

State:                You know what?  They all said
you weren=t there that night.

Defense:            Objection to hearsay as to what
they said.

Court:               Sustained as to what they
said.

State:                You realize that nobody saw you
that night.  Do you know that now?

A:                     That=s not true.

State:                So, all these people have lied,
then?

A:                     I mean, I can=t - - I mean, I wasn=t there to hear.  You know, I wouldn=t -
- I can=t say what they said.  I don=t know what they said.

State:                If they all said that you were
not there on the night of Tuesday- -

Defense:            Objection as to hearsay.

Court:               Sustained as to hearsay.

State:                Are you calling your friends
liars?

A:                     I mean, I don=t know what they said.  I mean, they could have told
me anything.

State:                They could have told who
anything?

A:                     I mean, the police could have
said anything.  I=m not for sure what happened, how they went about
saying this or . . . 

State:                So the police are lying?

A:                     I mean, I don=t - - I mean, it=s
possible.  I mean, it ain=t impossible for them not to.  But I=m not saying they are.  I really just - - this is just
what you=re telling me.  So, I mean, I don=t know the truth about anything.

State:                Well, if it=s not impossible that the police lied, then would it
be possible that all your friends were telling the truth when they said you
weren=t with them?

A:                     No, that=s not impossible.

State:                So, it=s possible - - 

A:                     Yeah, it=s possible.

State:                - - that you weren=t with them?

A:                     Yes, it is possible, sir.

(emphasis added).





[3]  Appellant did not object to the questions on the
grounds that they constituted testimony by counsel or assumed facts not in
evidence.  Cf. Duncan v. State, 95 S.W.3d 669, 673 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (AProhibiting
this kind of interjection of prejudicial hearsay as fact, in front of the jury,
is the purpose of the objections >assumes
facts not in evidence= and >counsel
testifying.=@) (citing Ramirez v. State, 815 S.W.2d 636, 652
(Tex. Crim. App. 1991)). 





* 
Senior Justice Ross A. Sears sitting by assignment.