Guadalupe VASQUEZ, Appellant,

v.

The STATE of Texas.

No. PD–0003–06.

Court of Criminal Appeals of Texas.

June 6, 2007.

Raymond L. Kohler, Austin, for Appellant.

Holly E. Taylor, Assistant District Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

Appellant, Guadalupe Vasquez, signed a written confession after seven hours of interrogation at the police station. He filed a pretrial motion to suppress the videotape of the interrogation and the written statements. The trial court held a hearing on the issue. After hearing the testimony of one of the interrogating officers, the trial court recessed the hearing to watch the seven-hour videotape of the interrogation. The trial court reconvened the hearing several days later, denied the motion to suppress, and dictated findings of law and fact into the record. Appellant was tried by a jury. At the close of the guilt phase of trial, Appellant requested a jury instruction on voluntariness, and the State objected to its inclusion. The court refused Appellant's request to submit the issue of voluntariness to the jury. The jury found Appellant guilty of murder and sentenced him to 50 years' imprisonment. The court of appeals reversed the conviction and remanded the case for a new trial, holding that the trial court had erred by refusing to submit Appellant's issue of voluntariness to the jury. We affirm the decision of the court of appeals.

### Facts

Gary Jackson, Appellant's landlord, was found dead in his apartment. He had been shot twice in the chest and once in the head. Appellant and his wife were among the suspects in the investigation and were asked to go to the police station to be interviewed about the incident. The couple agreed and drove themselves to the station the following day.

Appellant and his wife were questioned separately. Appellant was interviewed by Detectives Santos, Scanlon, and Sanchez. Detective Scanlon testified that prior to the interview they did not have probable cause to arrest Appellant, and that during the interview he was not in custody, was not handcuffed, and was free to leave. Appellant was interviewed for seven hours, during which time his requests to leave and to talk to his wife were ignored or deflected. Appellant eventually confessed. The entire interview was videotaped.

Appellant filed a pretrial motion to suppress the videotape of the interview and his signed confession. After a hearing on the motion, the trial court denied Appellant's motion, and the videotape and written statement were admitted at trial. At the end of the guilt phase, Appellant requested that "the jury be instructed that if they have a reasonable doubt as to whether or not the confession was voluntarily made, that it would not be considered in their deliberations." Appellant also requested that, in the event of a conviction, the instruction request be reduced to writing and endorsed by the court. The State

objected to the instruction, arguing that Appellant would only be entitled to an instruction on voluntariness if there was a factual dispute regarding the events. Appellant countered that the caselaw that requires a factual dispute is not applicable because it does not deal with the voluntariness of a confession. Appellant then argued that the instruction should be given because the issue of voluntariness was raised by the evidence. Appellant cited several parts of the interrogation as evidence raising the issue of voluntariness: the length of the interrogation, that the detectives lied to him during the interrogation about having incriminating evidence from the crime scene, that the detectives suggested that giving a statement would help him, and that the detectives suggested that if he didn't make a statement they were going to implicate his wife in the offense. The court denied the requested instruction. Appellant objected, and the court overruled the objection.

Appellant appealed his conviction to the court of appeals in four points of error. The court of appeals overruled the first three points of error, but sustained his fourth point, which argued that the trial court erred by failing to submit the issue of voluntariness to the jury.

The State filed a petition for discretionary review which we granted. The State presents two grounds for review which claim, in essence: 1) The court of appeals erred in reversing the trial court's decision on a theory of law never briefed by the respondent or communicated to the trial court; 2) The court of appeals incorrectly stated the test for determining when an instruction on voluntariness is required under article 38.22 of the Texas Code of Criminal Procedure, and the trial court did not err in refusing to instruct the jury on voluntariness because the defendant offered no new evidence at trial impacting voluntariness and the State's evidence was not disputed.

*Analysis*

**I.**

■ In its first ground for review, the State argues that the court of appeals erred in reversing the trial court's decision on a theory of law never briefed by the respondent or communicated to the trial court. We disagree that Appellant did not communicate to the trial court the theory of law on which the court of appeals based its reversal.

The State argues that, because Appellant never specifically cited article 38.22, section 6 of the Texas Code of Criminal Procedure [1] as the basis for his requested instruction, the court of appeals erred by basing its analysis on the requirements of that article. At trial, Appellant requested that "the jury be instructed that if they have a reasonable doubt as to whether or not the confession was voluntarily made, that it would not be considered in their deliberations." Although Appellant did not cite a specific statute as the basis for this request, the language of the instruction is a paraphrase of the instruction provided for in article 38.22, section 6.

■ The State correctly asserts that the court of appeals may not overturn a trial court's decision on a legal theory not presented to the trial court. *See Hailey v. State*, 87 S.W.3d 118, 122 (Tex.Crim.App. 2002). But in this case, the court of appeals did not base its decision on a legal theory not presented to the trial court. Although the court of appeals relied on a statute not explicitly cited by Appellant, the substance of the statute relied on by the court of appeals and the substance of Appellant's requested instruction and ob-

1. All subsequent references to "article" refer to the Texas Code of Criminal Procedure.

jection are the same. Appellant asserts in his brief, and we agree, that article 38.22 is neither a new nor novel theory not previously argued before the trial court.

■■■ It is a closer question whether Appellant raised the issue of voluntariness under article 38.22 on direct appeal. In his brief to the court of appeals, Appellant's fourth point of error stated that "the trial court erred in failing to instruct the jury on the voluntariness of the statement made by Guadalupe Vasquez." Appellant explicitly made arguments for the instruction under article 38.23. He also made several arguments relying on caselaw that cited no statute. However, "appellate courts are free to review 'unassigned error'—a claim that was preserved in the trial below but was not raised on appeal." *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim.App.2006).[2] The error was preserved in the trial court because Appellant's attorney properly objected on the record to the exclusion of the voluntariness instruction from the charge and dictated the objection to the court reporter in the presence of the prosecutor and the court. *See* TEX.CODE CRIM. PROC. art. 36.14. Thus, even assuming arguendo that Appellant did not raise the issue of voluntariness under article 38.22 on direct appeal, the issue was preserved, and the court of appeals did not err by citing article 38.22 as the basis for its opinion.

## II.

■■■ The State's second issue argues that the court of appeals incorrectly stated the test for determining when an instruction on voluntariness is required under article 38.22. The court of appeals held that, under article 38.22, "a defendant may be entitled to an instruction on voluntari-

ness even if the facts surrounding his confession are undisputed. An instruction must be given if a reasonable jury, viewing the totality of the circumstances, could have found that the statement was not voluntarily made." *Vasquez v. State*, 179 S.W.3d 646, 662 (Tex.App.-Austin 2005). We hold that the court of appeals correctly stated the test.

■■■ The State argues that the trial court did not err in refusing Appellant's requested instruction because no new evidence raising voluntariness was introduced at trial and because there was no factual dispute regarding the evidence. However, neither is required under article 38.22. Confusion about the requirements for getting an instruction on voluntariness has arisen, in part, from caselaw that does not always distinguish, and sometimes blurs, the requirements for getting an instruction under article 38.22 and for getting an instruction under the exclusionary rule of article 38.23.

The rules regarding admission of an accused's statements into a criminal proceeding are set out in article 38.22. Section six of that article explains the procedure for determining whether an accused's statement was voluntary. It requires that, in all cases in which a question is raised as to the voluntariness of a statement of an accused, the trial court must make an independent finding in the absence of the jury and enter an order stating its conclusion. If the trial court determines that the statement was voluntary, the issue may be submitted to the jury:

> Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be sub-

2. In circumstances that raise novel constitutional issues, a court must assign such error by ordering briefing from the parties. The error need not be assigned in this case because no novel constitutional issue is raised. *Pena*, 191 S.W.3d at 136.

mitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof.

TEX.CODE CRIM. PROC. art. 38.22, § 6. The court of appeals held, and we agree, that the issue of voluntariness should be submitted to the jury under article 38.22, section 6 if, based on the evidence presented at trial, a reasonable jury could conclude that the statement was not voluntary.

■ Juries may also be given an instruction to disregard statements of the accused under article 38.23(a)'s exclusionary rule, which prohibits admission of any type of evidence that was obtained in violation of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States.[3] A jury instruction is allowed under article 38.23(a) "only if there is a factual dispute as to how the evidence was obtained." *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App.1986); *see also, Bell v. State,* 938 S.W.2d 35, 48 (Tex.Crim.App.1996). If there is no factual issue of how evidence was obtained, there is only an issue of law, which is not for a jury to decide under article 38.23(a).

But, the jury's role under article 38.22 is different from its role under article 38.23. Under article 38.22, section 6, even when there is no dispute about the historical facts of the accused's statement, there can still be an issue of the voluntariness of the statement—which may be an issue for the jury.

[T]he voluntariness issue is quite different from issues in the exclusionary rule context. Consequently, the application of the legal standard for voluntariness to agreed facts should be a jury issue, *if* those facts are ones from which a reasonable jury could conclude that the statement at issue was involuntary. Voluntariness is not a strictly factual question, but it similarly is not a mechanical application of historical facts to a purely objective legal standard.

GEORGE E. DIX & ROBERT O. DAWSON, 41 TEXAS PRACTICE—CRIMINAL PRACTICE AND PROCEDURE § 13.393 (2d ed.2001).

■ As support for its position that a factual dispute is required to get an instruction under article 38.22, the State points to several cases in which we held that the evidence did not present a jury issue on voluntariness. However, the court of appeals standard does not require a jury instruction in every case. Under this standard, the defense is still required to introduce evidence at trial from which a reasonable jury could conclude that the statement was not voluntary. Under article 38.22, there is no error in refusing to include a jury instruction where there is no evidence before the jury to raise the issue. *Miniel v. State,* 831 S.W.2d 310, 316–17 (Tex.Crim.App.1992); *Hernandez v. State,* 819 S.W.2d 806, 812 (Tex.Crim.App.1991) (citing *Wagner v. State,* 687 S.W.2d 303, 307 (Tex.Crim.App.1984)). Some evidence must have been presented to the jury that the defendant's confession was not given voluntarily. *Alvarado v. State,* 912 S.W.2d

---

**3.** Article 38.23(a) states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

199, 211 n. 9 (Tex.Crim.App.1995); *Hernandez*, 819 S.W.2d at 812 (citing *Brooks v. State*, 567 S.W.2d 2 (Tex.Crim.App. 1978)). However, when, as in this case,[4] the defense introduces evidence at trial from which a reasonable jury could find that the confession was not voluntarily made, a voluntariness instruction should be given.

### Conclusion

Because Appellant made a timely objection to the exclusion of the voluntariness instruction and because the court of appeals correctly stated the standard for determining when an instruction on voluntariness is required under article 38.22, section 6, we affirm the decision of the court of appeals.

HOLCOMB, J., concurred in the result.

---

4. After clarifying the standard for an instruction on voluntariness under article 38.22, section 6, the court of appeals determined that the evidence presented at trial raised the issue of voluntariness. The court then reversed the conviction and remanded for a new trial, holding that Appellant was harmed by the trial court's erroneous refusal to instruct the jury in accordance with article 38.22, section 6. No evidence has been presented nor any argument made that the court improperly applied the standard or harm analysis.