Opinion issued February 28, 2008














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00256-CR
  __________
 
WILLIE DEON MCADAMS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1039288
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Willie Deon McAdams, guilty of murder,


 and the trial
court, upon finding the enhancement allegations true, assessed punishment at life in
prison. In two issues, appellant argues that the trial court erred (1) in refusing to
submit his requested instruction on the voluntariness of his videotaped statement and
(2) in improperly instructing the jury regarding the lesser included offense of
manslaughter. We affirm.
Background
          On August 30th, 2005, appellant was involved in an argument with his
girlfriend, Sherri Lewis. The argument ended with Sherri being stabbed by a knife
and appellant leaving the scene. Sherri died as a result of her injuries. Appellant was
later indicted for murder.
          In a pre-trial motion, appellant requested that his videotaped statement be
suppressed. He argued that the videotape failed to show that he waived his rights
during the recorded questioning. The trial court denied the motion to suppress and
found that the videotape reflected that appellant voluntarily made the statement and
waived his rights. The case proceeded to trial, and, before closing arguments,
appellant requested an additional instruction in the jury charge regarding the
voluntariness of the statement. The trial court denied the request, and the jury
convicted appellant of murder.
Jury Instructions
          In two issues, appellant argues that the trial court erred (1) in refusing to submit
his requested instruction on the voluntariness of his videotaped statement and (2) in
improperly instructing the jury regarding the lesser included offense of manslaughter.
Standard of Review
          We conduct a two-step analysis to review jury-charge error. The first step is
to determine whether the charge actually contained error. Almanza v. State, 686
S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh’g), overruled on other grounds,
Rodriguez v. State, 758 S.W.2d 787 (Tex. Crim. App. 1988). If error is found, the
second step is to determine whether the error caused sufficient harm to warrant
reversal. Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). The
burden is on the defendant to persuade the reviewing court that he has suffered harm. 
Id. at 732. 
Voluntariness of Videotaped Statement
          In his first issue, appellant contends that the trial court erred in refusing to
submit his requested instruction on the voluntariness of his videotaped statement. 
          Under article 38.22, section 6, of the Texas Code of Criminal Procedure, an
instruction must be given if a reasonable jury, viewing the totality of the
circumstances, could have found that the statement was not voluntarily made. Tex.
Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 2005); Vasquez v. State, 225 S.W.3d
541, 544 (Tex. Crim. App. 2007). There is no error, under article 38.22, in refusing
to include a jury instruction where there is no evidence before the jury to raise the
issue. Miniel v. State, 831 S.W.2d 310, 316–17 (Tex. Crim. App. 1992). Some
evidence must have been presented to the jury that the defendant’s confession was not
given voluntarily. Alvarado v. State, 912 S.W.2d 199, 211 n.9 (Tex. Crim. App.
1995). 
          Appellant asserts that, because the videotaped statement did not show an
affirmative waiver of his rights, there is some evidence that the statement was not
voluntary. However, it is undisputed that appellant was informed of his rights, once
before making the statement, and, again, during the recording of the statement. The
detective conducting the questioning asked appellant if he understood his rights. 
Appellant acknowledged that he did and continued to talk with the officer. There was
no evidence presented to the jury that would raise a question as to the voluntariness
of appellant’s statement. Accordingly, the trial court did not err in refusing to submit
the instruction.
          We overrule appellant’s first issue.
“Sequencing” Instruction 
          In his second issue, appellant asserts that the trial court erred when it
improperly instructed the jury regarding the lesser included offense of manslaughter. 
The challenged portion of the charge read as follows: 
Unless you find beyond a reasonable doubt that the defendant is guilty
of murder, or if you have a reasonable doubt thereof, you will acquit the
defendant of murder and next consider whether the defendant is guilty
of the offense of manslaughter.

Appellant claims that this “sequencing” instruction erroneously requires that the jury
reach “a unanimous decision about a matter other than its final verdict.” 
          We must first determine whether error exists in the charge. We begin by noting
that the Court of Criminal Appeals has held that the charge given should “instruct[]
the jurors that if they did not believe, or if they had reasonable doubt of appellant’s
guilt of the greater offense, they should acquit appellant and proceed to consider
whether appellant was guilty of the lesser included offense.” Boyett v. State, 692
S.W.2d 512, 515 (Tex. Crim. App. 1985). Here, the jury was instructed accordingly.
          Furthermore, the charge included the following instruction: 
If you find from the evidence beyond a reasonable doubt that the
defendant is guilty of either murder on the one hand or manslaughter on
the other hand, but you have a reasonable doubt as to which of said
offenses he is guilty, then you must resolve that doubt in the defendant’s
favor and find him guilty of the lesser offense of manslaughter.

This instruction “clearly contemplated that the jury would consider the lesser offense
before unanimously deciding to acquit of the greater offense.” Mitchel v. State, __
S.W.2d __, 2008 WL 339696, at *5 (Tex. App.—Houston [1st Dist.] Feb. 7, 2008, no
pet. h.). Therefore, “[t]he instruction as written is incompatible with appellant’s
interpretation of the challenged instruction as requiring a unanimous acquittal before
considering lesser included offenses.” Id. We hold that the trial court did not err in
submitting the complained-of “sequencing” instruction.
          We overrule appellant’s second issue.
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).