

# NUMBER 13-07-302-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE GUADALUPE**                                    **Appellant,**
**VASQUEZ GARCES,**

**v.**

**THE STATE OF TEXAS,**                               **Appellee.**

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

A jury convicted appellant, Jose Guadalupe Garces, of intoxication manslaughter[1]

and assessed his punishment at twelve years' imprisonment. By two issues, appellant

---

[1]*See* TEX. PENAL CODE ANN. § 49.08 (Vernon Supp. 2008).

argues the trial court erred in admitting: (1) his blood results into evidence; and (2) his drug-test results into evidence. We affirm.

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain his conviction. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

*A. Admission of Appellant's Blood Results*

In his first issue, appellant contends the trial court erred in admitting his blood results into evidence because his blood was taken in violation of section 724.012 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.012 (Vernon Supp. 2008).

*1. Standard of Review*

A trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). We will uphold the trial court's ruling if the record reasonably supports the ruling, and the ruling is correct under any theory of law applicable to the case. *Id*. at 418. The appellate court must review the trial court's ruling in light of what was before the trial court at the time it made the ruling. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

*2. Can Law-Enforcement Officers Take a Specimen of a Motorist's Blood Following His or Her Involvement in an Auto Accident?*

Generally, law-enforcement officers may not take a specimen of a suspect's blood without that person's consent. TEX. TRANSP. CODE ANN. § 724.013 (Vernon 1999). There are, however, exceptions to this general prohibition. One exception arises when the suspect has been involved in a motor-vehicle accident in which another person has died

2

or might die.  More specifically, the law provides:

(a) One or more specimens of a person's breath or blood may be taken if the person is arrested and at the request of a peace officer having reasonable grounds to believe the person:

(1) while intoxicated was operating a motor vehicle in a public place, or a watercraft; or

(2) was in violation of Section 106.041, Alcoholic Beverage Code.

(b) A peace officer shall require the taking of a specimen of the person's breath or blood if:

(1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft;

(2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;

(3) at the time of the arrest the officer reasonably believes that as a direct result of the accident:

(A) any individual has died or will die; or

(B) an individual other than the person has suffered serious bodily injury; and

(4) the person refuses the officer's request to submit to the taking of a specimen voluntarily.

(c) The peace officer shall designate the type of specimen to be taken.

(d) In this section, "serious bodily injury" has the meaning assigned by Section 1.07, Penal Code.

TEX. TRANSP. CODE ANN. § 724.012 (Vernon Supp. 2008).

The appellate record in this case shows that during the guilt-innocence phase, the

3

prosecutor offered into evidence "the contents of State's exhibit 7." State's exhibit 7 is the blood vial containing appellant's blood. Defense counsel objected to State's exhibit 7 on the basis that "[t]he chain of custody ha[d] not been properly established." The trial court overruled the objection and admitted the exhibit into evidence. Vanessa Walters, a forensic scientist for the Texas Department of Public Safety, identified State's exhibit 7 because the vial showed her unique laboratory number, her initials, and the date of the analysis. When she received the vial, the box it arrived in was sealed, and the blood tube was sealed. Walters analyzed the contents of the vial to determine its alcohol content and testified that the results "were .19 grams of alcohol per 100 milliliters." She further testified that the legal limit for blood-alcohol content in Texas is "0.08 grams of alcohol per 100 milliliters."

We note that when the prosecutor offered State's exhibit 7 into evidence, defense counsel did not object on the basis that appellant's blood was taken in violation of section 724.012 of the transportation code. A "court of appeals may not overturn a trial court's decision on a legal theory not presented to the trial court." *Vasquez v. State*, 225 S.W.3d 541, 543 (Tex. Crim. App. 2007); *see Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1(a). Because appellant did not present this argument to the trial court, he has failed to preserve it for review.

Even if the trial court erred in admitting the evidence, any error was cured. David Baker, M.D., an emergency medical doctor at Knapp Medical Center in Weslaco, Texas, examined appellant in the emergency room. Dr. Baker testified that appellant was brought to the emergency room following a motor-vehicle accident.[2] Appellant reported having

---

[2]This was the accident that led to appellant's indictment for intoxication manslaughter in this case.

neck pain, and he had an injury to his forehead.  When the prosecutor asked Dr. Baker, "[W]hat information is necessary in order for you to make a medical diagnosis with patients dealing--having head trauma,?" he replied, "Well, you need to know, are they on medications, are they on drugs, is there alcohol involved, do they have a past medical history of central nervous system injury, are they from the seizures, things like that."  When the prosecutor asked Dr. Baker whether he was able to determine if there was alcohol in appellant's blood, he testified, without objection, that "[t]he lab reported a blood level" of ".21."

In *Valle v. State*, the court of criminal appeals stated that "[a]n error in the admission of evidence is cured where the same evidence comes in elsewhere without objection."  109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (footnotes omitted); s*ee Willis v. State*, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989) (noting that admission of inadmissible evidence is rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial).  Thus, any error in the admission of this evidence was cured because the same or similar evidence came in elsewhere without objection.  Issue one is overruled.

## B. Admission of Appellant's Drug Test Results

In his second issue, appellant contends the trial court erred in admitting his drug test results because the laboratory that conducted the test was not a certified forensic laboratory.  Specifically, appellant argues that his drug screen, which tested positive for cocaine, was conducted at a hospital laboratory, which was not certified at the time his drug screen was performed.

*1. Applicable Law*

Article 38.35 of the code of criminal procedure provides, in relevant part, that:

> Except as provided by Subsection (e), a forensic analysis of physical evidence under this article and expert testimony relating to the evidence are not admissible in a criminal action if, at the time of the analysis, the crime laboratory conducting the analysis was not accredited by the director under Section 411.0205, Government Code.

TEX. CODE CRIM. PROC. ANN. art. 38.35(d)(1) (Vernon Supp. 2008).

*2. Analysis*

During the guilt-innocence phase, the prosecutor questioned Dr. Baker as follows:

Prosecutor: And what did—what type of lab work was done on this—on this patient, Jose Garces [appellant]?

Defense Counsel: Judge, I'm going to object under article 38.35 as—well, as this—as to any further questions on this laboratory because it isn't certified by the State.

The trial court overruled the objection, and the prosecutor continued questioning Dr. Baker as follows:

Prosecutor: What type—what type of lab work was done on this patient [appellant]?

Dr. Baker: Knapp Medical Center has as its protocol a trauma—what's called a trauma protocol, which are labs that are required in—in traumas, such as motor vehicle accidents, and it's what's called a CBC, which is a complete clinical blood count, a full chemistry count, urinalysis test for drugs of abuse, alcohol and appropriate other tests.

Prosecutor: Is your laboratory, does it undergo certification by the State?

Dr. Baker: I—I cannot answer that question. I don't know.

Prosecutor: You cannot?

Dr. Baker: Correct. I cannot answer. I don't know.

Prosecutor: Okay.

Dr. Baker: I can only assume, but I don't know.

Prosecutor: Okay.

Defense Counsel: Judge, I'm going to object to any assumptions. And it's speculative, Your Honor.

The trial court sustained the objection. Afterwards, the prosecutor asked Dr. Baker:

Prosecutor: Dr. Baker, do your medical diagnoses, are they based in part on—based on laboratory reports or lab work done at Knapp Medical Center?

Dr. Baker: Yes, ma'am.

Prosecutor: And in this particular case, was there urine—a urinalysis done?

Dr. Baker: Yes, ma'am. There was a urinalysis and a urine drug test.

* * * *

Prosecutor: And in this case what was the result of the drug screen?

Dr. Baker: The drug screen was positive for cocaine only.

Defense counsel did not object to this testimony.

To preserve a complaint for appellate review, a party must make a specific and timely objection, motion, or request to the trial court. *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008). "The complaint is timely only if the party makes the complaint 'as soon as the grounds for it become apparent.'" *Id*. Here, the grounds for the complaint became apparent when Dr. Baker testified that appellant's drug screen tested positive for cocaine. However, defense counsel did not object to the complained-of testimony, and he did not obtain a running objection. Accordingly, the issue is not preserved for review. *See* TEX. R. APP. P. 33.1(a); *see also Martinez v. State*, 91 S.W.3d 331, 336-37 (Tex. Crim.

App. 2002) (holding that party forfeits an argument by failing to bring it to the trial court's attention); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) ("A defendant must make a timely objection in order to preserve an error in the admission of evidence."). Issue two is overruled.

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 18th day of December, 2008.