NO. 07-08-0152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL1, 2009

_____

JOHN WAYNE JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10036; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, John Wayne Jackson, was convicted by a jury of aggravated sexual assault of a child and indecency of a child by contact. He received respective sentences of thirty-five years and twenty years confinement to run concurrently. In a single point of

error, Appellant contends the trial court erred in its determination that his confession was voluntary. We affirm.

## Background

On October 11, 2007, the Hutchinson County Grand Jury indicted Appellant for aggravated sexual assault of a child and indecency with a child by contact. On October 24, 2007, Appellant filed a motion to suppress his confession because his statements were involuntary, *i.e.*, coerced and enticed.

On November 28, 2007, the trial court held a suppression hearing on Appellant's motion. Detective Jerod Carr was the sole witness. Detective Carr testified that, on October 4, 2007, he went to Appellant's house shortly before 5:00 p.m. and arrested him pursuant to a warrant. Appellant was nineteen years old and indicated he had smoked marihuana earlier that day. When they arrived at the police station, he was given his *Miranda* rights.[1] From the time of his arrest through booking, he cried off and on. Initially, he denied any wrongdoing, however, after less than an hour of questioning, he admitted he had sexually assaulted the victim. After his admission, Detective Carr placed him in an interrogation room and started videotaping his confession at 5:30 p.m.

At the outset of the videotape, Detective Carr again read Appellant his rights and indicated that Appellant could terminate the interview at any time. Appellant initialed the

---

[1]*See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2

rights he was given and signed a written statement of his rights. He also signed a statement indicating that all his statements were voluntary. Detective Carr reiterated that Appellant was free to answer his questions or not. In the twenty-seven minute interview, Appellant confessed to sexually assaulting the victim.

After a psychiatric evaluation and hearing, on February 6, 2008, Appellant was adjudged competent to stand trial. On March 31, 2008, Appellant was tried before the court and found guilty of aggravated sexual assault and indecency with a child by contact. This appeal followed.

## Discussion

Appellant contends his confession was not voluntary because, at the time of his statements, Detective Carr was wearing his gun and Appellant was suffering from a mental disorder, scared, and crying.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007). Therefore, we give almost total deference to the trial court's rulings on questions of historical fact and application of law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador,* 221 S.W.3d at 673. However, when application of law-

3

to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions *de novo.  Id.*

The statement of the accused may be used in evidence if it was freely and voluntarily made without compulsion or persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2005).  In deciding whether a statement was voluntary, we consider the totality of the circumstances in which the statement was obtained.  *Creager v. State*, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997).  A confession is involuntary if circumstances show that the defendant's will was "overborne" by police coercion.  *Id.* at 856.  The defendant's will may be "overborne" if the record shows that there was "official, coercive conduct of such a nature" that a statement from the defendant was "unlikely to have been the product of an essentially free and unconstrained choice by its maker."  *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex.Crim.App. 1995).

Based on the evidence provided at the suppression hearing, the totality of circumstances show that Appellant knowingly and voluntarily gave his statement after being given his *Miranda* warnings.  The record does not show that Appellant was under duress or that Detective Carr coerced him by using improper promises or undue physical or mental influence.  The interview was relatively short, lasting less than an hour, and was

not taken in abnormally adverse conditions.[2] At no point did Appellant request an attorney or indicate that he wanted to terminate the interview.

There is nothing inherently inappropriate about the nature of police questioning in this case. "Courts have long acknowledged the legitimate role of interrogation in the investigation of crime." *Vasquez v. State*, 179 S.W.3d 646, 657 n.7 (Tex.App.–Austin 2005), *aff'd*, 225 S.W.3d 541 (Tex.Crim.App. 2007). A defendant's mental condition alone is not determinative of the voluntariness of the confession but is only one factor to be considered. *Penry v. State*, 903 S.W.2d 715, 744 (Tex.Crim.App. 1995), *cert. denied*, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). The question becomes one of whether the accused's mental impairment is so great that it rendered him incapable of understanding the meaning and effect of his statement. *Casias v. State*, 452 S.W.2d 483, 488 (Tex.Crim.App. 1970). Further, while emotional confusion brought about by the stress of the situation is relevant to the voluntariness determination, it is only one of the circumstances to be considered. *Licon v. State,* 99 S.W.3d 918, 925-26 (Tex.App.–El Paso 2003, no pet.) ("mere emotionalism or confusion alone will not render a confession inadmissible").

Appellant's demeanor throughout the interview was calm and lucid. He did not appear delusional or under the influence of drugs. Detective Carr testified that Appellant's

---

[2]Texas courts have found confessions to be voluntary under far more coercive circumstances than are found here. *See Giddens v. State*, 256 S.W.3d 426, 431 (Tex.App.–Waco 2008, pet. ref'd) (collected cases cited therein).

5

fear stemmed from "what he had done and the consequences," not the result of mistreatment.  Viewing the evidence in its totality, we find the trial court did not abuse its discretion in denying Appellant's motion to suppress.  Appellant's sole point of error is overruled.

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.