NO. 07-09-0217-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 27, 2010

RANDY WAYNE COOK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 14,972-B; HONORABLE JOHN B. BOARD, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Randy Wayne Cook appeals his conviction for aggravated sexual assault of a child and contends that he should have received an instruction under art. 38.22 §6 of the Code of Criminal Procedure (regarding the voluntariness of his statement). We disagree and affirm the judgment.

*Setting of Issue*

Appellant was accused of an offense against his own daughter. During trial, recordings of two telephone conversations between appellant and the victim were

played to the jury. A police officer and a representative of Child Protective Services (CPS) were present during those conversations. Appellant objected at trial to the admission of the recordings because they were made at a CPS office which he asserted was an arm of the State and thus he should have been given *Miranda* warnings. On appeal, he complains that he was entitled to an instruction to the jury pursuant to art. 38.22 §6 of the Code of Criminal Procedure.

*Resolution of Issue*

The Code of Criminal Procedure provides that in all cases where a question is "raised as to the voluntariness of a statement of an accused," and the court makes an independent finding that the statement was made under voluntary conditions, the jury shall be instructed "that unless [it] believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." TEX. CODE CRIM. PROC. ANN. art. 38.22 §6 (Vernon 2005). No such instruction was requested by appellant. Nor did he use the words "involuntary" or "voluntary" in any of his objections. And, except for his mention of the need for *Miranda* warnings, nothing was said at trial about the voluntariness or involuntariness of the statement.

And, assuming *arguendo* that the mere allusion to the absence of *Miranda* warnings is enough to place a trial judge on notice that the accused is questioning the voluntariness of his statement, the basis underlying the claim at bar differs from that mentioned at trial. Here, appellant does not assert that his statement was involuntary

2

because he was not *Mirandized* before inculpating himself during the phone calls.[1] Rather, he attacks the means by which the statements were obtained. That is, he posits that his statements were involuntary because they emanated from a "ruse put into effect" by the State and the "overreaching" in which the State engaged. That alleged "ruse" and "overreaching" involved his belief that the phone conversations with his daughter were private when she and the State knew they were being recorded.

It is the defendant's responsibility to delineate the nature of his involuntariness claim. *Oursbourn v. State,* 259 S.W.3d 159, 174 (Tex. Crim. App. 2008). Moreover, we cannot "overturn a trial court's decision on a legal theory not presented to the trial court." *Vasquez v. State*, 225 S.W.3d 541, 543 (Tex. Crim. App. 2007). Since the legal theory uttered here was not asserted below, the issue was waived. *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (stating that an issue is waived when the complaint on appeal does not comport with that made during trial).

The judgment of the trial court is affirmed.


Per Curiam

Do not publish.

---

[1]This may be so because authority indicates that participating in a phone call is not tantamount to custodial interrogation, *see Jones v. State,* No. 05-96-01415-CR, 1998 Tex. App. LEXIS 1241 at *6 (Tex. App.–Dallas February 26, 1998, no pet.) (finding the defendant was not in custody when he returned the phone call of a detective and responded to his questions since the defendant could have hung up and refused to speak to the officer), and art. 38.22 §3 applies to custodial interrogations. *Mermella v. State,* No. 07-08-0419-CR, 2010 Tex. App. LEXIS 4552 at *13-14 (Tex. App.–Amarillo June 16, 2010, no pet. h.).