NO. 07-09-0217-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 JULY 27, 2010

 RANDY WAYNE COOK,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 NO. 14,972-B; HONORABLE JOHN B. BOARD, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Randy Wayne Cook appeals his conviction for aggravated sexual
assault of a child and contends that he should have received an
instruction under art. 38.22 §6 of the Code of Criminal Procedure
(regarding the voluntariness of his statement). We disagree and
affirm the judgment.
 Setting of Issue
 Appellant was accused of an offense against his own daughter.
During trial, recordings of two telephone conversations between
appellant and the victim were played to the jury. A police officer
and a representative of Child Protective Services (CPS) were present
during those conversations. Appellant objected at trial to the
admission of the recordings because they were made at a CPS office
which he asserted was an arm of the State and thus he should have been
given Miranda warnings. On appeal, he complains that he was entitled
to an instruction to the jury pursuant to art. 38.22 §6 of the Code of
Criminal Procedure.
 Resolution of Issue
 The Code of Criminal Procedure provides that in all cases where a
question is “raised as to the voluntariness of a statement of an
accused,” and the court makes an independent finding that the
statement was made under voluntary conditions, the jury shall be
instructed “that unless [it] believes beyond a reasonable doubt that
the statement was voluntarily made, the jury shall not consider such
statement for any purpose nor any evidence obtained as a result
thereof.” Tex. Code Crim. Proc. Ann. art. 38.22 §6 (Vernon 2005). No
such instruction was requested by appellant. Nor did he use the words
“involuntary” or “voluntary” in any of his objections. And, except
for his mention of the need for Miranda warnings, nothing was said at
trial about the voluntariness or involuntariness of the statement.
 And, assuming arguendo that the mere allusion to the absence of
Miranda warnings is enough to place a trial judge on notice that the
accused is questioning the voluntariness of his statement, the basis
underlying the claim at bar differs from that mentioned at trial.
Here, appellant does not assert that his statement was involuntary
because he was not Mirandized before inculpating himself during the
phone calls.[1] Rather, he attacks the means by which the statements
were obtained. That is, he posits that his statements were
involuntary because they emanated from a “ruse put into effect” by the
State and the “overreaching” in which the State engaged. That alleged
“ruse” and “overreaching” involved his belief that the phone
conversations with his daughter were private when she and the State
knew they were being recorded.
 It is the defendant’s responsibility to delineate the nature of
his involuntariness claim. Oursbourn v. State, 259 S.W.3d 159, 174
(Tex. Crim. App. 2008). Moreover, we cannot “overturn a trial court’s
decision on a legal theory not presented to the trial court.” Vasquez
v. State, 225 S.W.3d 541, 543 (Tex. Crim. App. 2007). Since the legal
theory uttered here was not asserted below, the issue was waived.
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (stating
that an issue is waived when the complaint on appeal does not comport
with that made during trial).
 The judgment of the trial court is affirmed.

 Per Curiam

Do not publish.
-----------------------
 [1]This may be so because authority indicates that participating
in a phone call is not tantamount to custodial interrogation, see
Jones v. State, No. 05-96-01415-CR, 1998 Tex. App. Lexis 1241 at *6
(Tex. App.–Dallas February 26, 1998, no pet.) (finding the defendant
was not in custody when he returned the phone call of a detective and
responded to his questions since the defendant could have hung up and
refused to speak to the officer), and art. 38.22 §3 applies to
custodial interrogations. Mermella v. State, No. 07-08-0419-CR, 2010
Tex. App. Lexis 4552 at *13-14 (Tex. App.–Amarillo June 16, 2010, no
pet. h.).