NO. 07-10-0067-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

AUGUST 10, 2010

 

______________________________

 

 

RICHARD KRAWECKI, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 53,586-D; HONORABLE DON EMERSON, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Pending before this Court is Richard Krawecki=s Motion to Dismiss Appeal in
which he moves to withdraw his notice of appeal.  As required by Rule 42.2(a) of the Texas
Rules of Appellate Procedure, the motion is signed by Appellant's attorney;
however, it is not signed by Appellant.  Notwithstanding
the lack of Appellant's signature, the motion is accompanied by a letter from
Appellant to his counsel bearing his signature expressing his desire to
withdraw his appeal.  Based on
Appellant's clear intention, we apply Rule 2 of the Texas Rules of Appellate
Procedure and suspend that portion of Rule 42.2(a) requiring Appellant's
signature on the Motion to Dismiss.  No
decision of this Court having been delivered, the motion is granted and the
appeal is dismissed.  No motion for
rehearing will be entertained and our mandate will issue forthwith.

Accordingly, the appeal is dismissed.

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.






idow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-bidi-language:EN-US;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-even-header:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") eh1;
 mso-header:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") h1;
 mso-even-footer:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") ef1;
 mso-footer:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") f1;
 mso-first-header:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") fh1;
 mso-first-footer:url("07-09-0217.cr\(2\)%20opinion_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO. 07-09-0217-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
27, 2010

 



 

RANDY WAYNE COOK,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 14,972-B; HONORABLE JOHN B. BOARD,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Randy Wayne
Cook appeals his conviction for aggravated  sexual  assault  of  a
child and contends that he should have received an instruction under art. 38.22
§6 of the Code of Criminal Procedure (regarding the voluntariness of his
statement).   We disagree and affirm the
judgment.

            Setting of Issue

            Appellant
was accused of an offense against his own daughter.  During trial, recordings of two telephone
conversations between appellant and the victim were played to the jury.  A police officer and a representative of
Child Protective Services (CPS) were present during those conversations.   Appellant objected at trial to the admission
of the recordings because they were made at a CPS office which he asserted was
an arm of the State and thus he should have been given Miranda warnings.   On appeal, he complains that he was entitled
to an instruction to the jury pursuant to art. 38.22 §6 of the Code of Criminal
Procedure. 

Resolution of Issue

The Code of Criminal Procedure provides that
in all cases where a question is “raised as to the voluntariness of a statement
of an accused,” and the court makes an independent finding that the statement
was made under voluntary conditions, the jury shall be instructed “that unless
[it] believes beyond a reasonable doubt that the statement was voluntarily
made, the jury shall not consider such statement for any purpose nor any
evidence obtained as a result thereof.”  Tex. Code Crim. Proc. Ann. art. 38.22 §6
(Vernon 2005).  No such instruction was
requested by appellant.  Nor did he use
the words “involuntary” or “voluntary” in any of his objections.  And, except for his mention of the need for Miranda warnings, nothing was said at
trial about the voluntariness or involuntariness of the statement.

And, assuming arguendo that the mere allusion to the absence of Miranda warnings is enough to place a
trial judge on notice that the accused is questioning the voluntariness of his
statement, the basis underlying the claim at bar differs from that mentioned at
trial.  Here, appellant does not assert
that his statement was involuntary because he was not Mirandized before inculpating himself during the phone calls.[1]  Rather, he attacks the means by which the
statements were obtained.  That is, he
posits that his statements were involuntary because they emanated from a “ruse
put into effect” by the State and the “overreaching” in which the State
engaged.  That alleged “ruse” and
“overreaching” involved his belief that the phone conversations with his
daughter were private when she and the State knew they were being
recorded.  

It is the defendant’s responsibility to
delineate the nature of his involuntariness claim.  Oursbourn
v. State, 259 S.W.3d 159, 174 (Tex. Crim. App. 2008).  Moreover, we cannot “overturn a trial court’s
decision on a legal theory not presented to the trial court.”  Vasquez
v. State, 225 S.W.3d 541, 543 (Tex. Crim. App. 2007).  Since the legal theory uttered here was not
asserted below, the issue was waived.  Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995) (stating that an issue is waived when the complaint on
appeal does not comport with that made during trial).  

            The judgment
of the trial court is affirmed.

 

                                                                                    Per
Curiam

 

Do
not publish.  











[1]This
may be so because authority indicates that participating in a phone call is not
tantamount to custodial interrogation, see Jones v. State, No. 05-96-01415-CR, 1998 Tex. App. Lexis
1241 at *6 (Tex. App.–Dallas February 26, 1998, no pet.) (finding the
defendant was not in custody when he returned the phone call of a detective and
responded to his questions since the defendant could have hung up and refused
to speak to the officer), and art. 38.22 §3 applies to custodial interrogations.  Mermella
v. State, No. 07-08-0419-CR, 2010 Tex. App. Lexis 4552 at *13-14 (Tex. App.–Amarillo June 16, 2010, no
pet. h.).