NO. 07-08-0152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL1, 2009

______________________________


JOHN WAYNE JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10036; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


MEMORANDUM OPINION


Â Â Â Â Â Â Â Â Â Â Appellant, John Wayne Jackson, was convicted by a jury of aggravated sexual
assault of a child and indecency of a child by contact. He received respective sentences
of thirty-five years and twenty years confinement to run concurrently. In a single point of
error, Appellant contends the trial court erred in its determination that his confession was
voluntary. We affirm. 
Background
Â Â Â Â Â Â Â Â Â Â On October 11, 2007, the Hutchinson County Grand Jury indicted Appellant for
aggravated sexual assault of a child and indecency with a child by contact. On October
24, 2007, Appellant filed a motion to suppress his confession because his statements were
involuntary, i.e., coerced and enticed.
Â Â Â Â Â Â Â Â Â Â On November 28, 2007, the trial court held a suppression hearing on Appellantâs
motion. Detective Jerod Carr was the sole witness. Detective Carr testified that, on
October 4, 2007, he went to Appellantâs house shortly before 5:00 p.m. and arrested him
pursuant to a warrant. Appellant was nineteen years old and indicated he had smoked
marihuana earlier that day. When they arrived at the police station, he was given his
Miranda rights.


 From the time of his arrest through booking, he cried off and on. Initially,
he denied any wrongdoing, however, after less than an hour of questioning, he admitted
he had sexually assaulted the victim. After his admission, Detective Carr placed him in an
interrogation room and started videotaping his confession at 5:30 p.m. 
Â Â Â Â Â Â Â Â Â Â At the outset of the videotape, Detective Carr again read Appellant his rights and
indicated that Appellant could terminate the interview at any time. Appellant initialed the
rights he was given and signed a written statement of his rights. He also signed a
statement indicating that all his statements were voluntary. Detective Carr reiterated that
Appellant was free to answer his questions or not. In the twenty-seven minute interview,
Appellant confessed to sexually assaulting the victim.
Â Â Â Â Â Â Â Â Â Â After a psychiatric evaluation and hearing, on February 6, 2008, Appellant was
adjudged competent to stand trial. On March 31, 2008, Appellant was tried before the
court and found guilty of aggravated sexual assault and indecency with a child by contact. 
This appeal followed.
Discussion
Â Â Â Â Â Â Â Â Â Â Appellant contends his confession was not voluntary because, at the time of his
statements, Detective Carr was wearing his gun and Appellant was suffering from a mental
disorder, scared, and crying. 
Â Â Â Â Â Â Â Â Â Â We review a trial courtâs ruling on a motion to suppress evidence under a bifurcated
standard of review. Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). The
trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony. Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007). 
Therefore, we give almost total deference to the trial courtâs rulings on questions of
historical fact and application of law-to-fact questions that turn on an evaluation of
credibility and demeanor. Amador, 221 S.W.3d at 673. However, when application of law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review
the trial courtâs rulings on those questions de novo. Id. 
Â Â Â Â Â Â Â Â Â Â The statement of the accused may be used in evidence if it was freely and
voluntarily made without compulsion or persuasion. Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 2005). In deciding whether a statement was voluntary, we consider the totality of
the circumstances in which the statement was obtained. Creager v. State, 952 S.W.2d
852, 855 (Tex.Crim.App. 1997). A confession is involuntary if circumstances show that the
defendantâs will was âoverborneâ by police coercion. Id. at 856. The defendantâs will may
be âoverborneâ if the record shows that there was âofficial, coercive conduct of such a
natureâ that a statement from the defendant was âunlikely to have been the product of an
essentially free and unconstrained choice by its maker.â Alvarado v. State, 912 S.W.2d
199, 211 (Tex.Crim.App. 1995). 
Â Â Â Â Â Â Â Â Â Â Based on the evidence provided at the suppression hearing, the totality of
circumstances show that Appellant knowingly and voluntarily gave his statement after
being given his Miranda warnings. The record does not show that Appellant was under
duress or that Detective Carr coerced him by using improper promises or undue physical
or mental influence. The interview was relatively short, lasting less than an hour, and was
not taken in abnormally adverse conditions.


 At no point did Appellant request an attorney
or indicate that he wanted to terminate the interview. 
Â Â Â Â Â Â Â Â Â Â There is nothing inherently inappropriate about the nature of police questioning in
this case. âCourts have long acknowledged the legitimate role of interrogation in the
investigation of crime.â Vasquez v. State, 179 S.W.3d 646, 657 n.7 (Tex.App.âAustin
2005), affâd, 225 S.W.3d 541 (Tex.Crim.App. 2007). A defendantâs mental condition alone
is not determinative of the voluntariness of the confession but is only one factor to be
considered. Penry v. State, 903 S.W.2d 715, 744 (Tex.Crim.App. 1995), cert. denied, 516
U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). The question becomes one of whether
the accusedâs mental impairment is so great that it rendered him incapable of
understanding the meaning and effect of his statement. Casias v. State, 452 S.W.2d 483,
488 (Tex.Crim.App. 1970). Further, while emotional confusion brought about by the stress
of the situation is relevant to the voluntariness determination, it is only one of the
circumstances to be considered. Licon v. State, 99 S.W.3d 918, 925-26 (Tex.App.âEl
Paso 2003, no pet.) (âmere emotionalism or confusion alone will not render a confession
inadmissibleâ). 
Â Â Â Â Â Â Â Â Â Â Appellantâs demeanor throughout the interview was calm and lucid. He did not
appear delusional or under the influence of drugs. Detective Carr testified that Appellantâs
fear stemmed from âwhat he had done and the consequences,â not the result of
mistreatment. Viewing the evidence in its totality, we find the trial court did not abuse its
discretion in denying Appellantâs motion to suppress. Appellantâs sole point of error is
overruled. 
Conclusion
Â Â Â Â Â Â Â Â Â Â The trial courtâs judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice 



Do not publish.

Â Â Â 

Â Â Â 




m List 1 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









   NO.
07-09-0369-CR

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
C

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MARCH
22, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  SHAUN
HEATH BROOKS, 

Â 

Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, 

Â 

Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM
THE 251st DISTRICT COURT OF RANDALL COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO.
20486-C; HON. ANA ESTEVEZ, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ORDER

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.








Â Â Â Â Â Â Â Â Â Â Â  Shaun Heath Brooks, appellant,
appeals a conviction from the offense of possession of a controlled substance
and a sentence of twelve months in a state jail facility.Â  Appellant timely perfected this appeal by
filing notice of appeal on November 12, 2009.Â 
Subsequently, counsel for appellant has asked for and received an
extension of time in which to file appellantÂs brief.Â  On March 19, 2010, this Court received
appellantÂs second motion for extension of time in which to file the brief
wherein an additional thirty days was requested.Â  Counsel cited as good cause for the second
extension simply that Âcounsel has been involved in numerous other cases,
trials and hearings.Â

Â Â Â Â Â Â Â Â Â Â Â  Those convicted of criminal acts are
entitled to effective assistance of counsel on appeal.Â  The failure of counsel to timely prosecute an
appeal falls short of rendering such assistance.Â  To avoid the latter circumstance from
occurring at bar, we hereby grant appellant an additional twenty-one days in
which to file his brief and order L. Van Williamson, SBN 21624550, 1017 W.
10th, Amarillo, Texas, 79101, to prepare and file a brief in this cause on behalf of his client, Shaun Heath Brooks, in
compliance with the Texas Rules of Appellate Procedure.Â  Mr. Williamson is further ordered to file
said brief with the clerk of this Court at 501 S. Fillmore, Suite 2-A,
Amarillo, Texas, in a manner assuring that it will be personally received by
said clerk on or before 5:00 p.m. on April 8, 2010.Â  Failure to comply with this directive will result
in a hearing directing Mr. Williamson to show cause
why he should not be held in contempt.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Do
not publish.