**Affirmed as modified; Opinion Filed July 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00318-CR

### ARMANDO CABRERA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-41696-V**

# MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Fillmore

A jury convicted Armando Cabrera of continuous sexual assault of a child younger than fourteen years of age and assessed punishment of forty years' imprisonment. In two issues, Cabrera argues the trial court erred by admitting the recording of his interview by the police because portions of the recording were inaudible and by denying his request for a jury instruction on the voluntariness of his statement to the police. We modify the trial court's judgment to reflect the correct statute for the offense and, as modified, affirm the trial court's judgment.

## Background

In July 2010, twelve-year-old P.H. wrote a letter to her brother's girlfriend, in which she accused Cabrera, a close family friend, of raping her. Following the outcry, P.H. had a forensic interview at the Dallas Children's Advocacy Center, where she revealed the extent of Cabrera's

sexual abuse. After Cabrera was arrested, he was interviewed by Detective Bryan Snyder of the Mesquite Police Department. During the interview, which was recorded, Cabrera admitted to sexually assaulting P.H. at least three times over a period of more than thirty days.

At trial, P.H. testified at length about Cabrera's abuse on multiple occasions and in at least three different locations. According to P.H., Cabrera touched her vagina, put her hand on his penis, and rubbed his penis in the triangular space between her vagina and thighs. She also testified Cabrera put his mouth on her vagina and put her mouth on his penis; testifying specifically about one time when he ejaculated in her mouth, she said she "felt really disgusted" and "got up quickly and left and tried to spit everything out." Cabrera denied the allegations and contended that he only confessed to certain acts during his interview by the police because he was "scared" and "nervous." After hearing this and other evidence, the jury found Cabrera guilty of continuous sexual assault of a child younger than fourteen years of age and assessed punishment of forty years' imprisonment. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2017).

## Recording of Police Interview

In his first issue, Cabrera argues the trial court erred by admitting the recording of his interview by the police because the recording failed to comply with the requirements of article 38.22, section 3(a) of the code of criminal procedure. Specifically, Cabrera contends portions of the recording were inaudible and that "[t]he recording must be audible to merit admission."

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its ruling "falls outside the zone of reasonable disagreement." *Id.* (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)).

Recorded oral statements of an accused, resulting from custodial interrogation, must satisfy the requirements of article 38.22, section 3(a) of the code of criminal procedure to be admissible.

–2–

*See* TEX. CODE CRIM. PROC. ANN. art 38.22 § 3(a) (West Supp. 2017). Article 38.22, section 3 provides that such oral statements are inadmissible in a criminal proceeding unless: (1) an electronic recording was made of the statement; (2) the recording shows that, prior to giving the statement, the accused was advised of his rights under article 38.22, section 2(a) and knowingly, intelligently, and voluntarily waived those rights; (3) "the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered"; (4) all voices on the recording have been identified; and (5) a complete and accurate copy of the recording was provided to the accused's attorney not later than the twentieth day before the date of the proceeding. *Id.* The trial court does not abuse its discretion by admitting a recorded statement with inaudible portions provided the portions were not intentionally altered and do not affect the overall reliability of the recording. *See Maldonado v. State*, 998 S.W.2d 239, 245–46 (Tex. Crim. App. 1999).

Cabrera filed a motion to suppress the recording of his interview by the police. During the hearing on his motion, Cabrera stated article 38.22 required that a "recording device must be capable of recording accurately." He then stated his objection to the recording was that "it's very difficult to hear" and that "some of the words are unintelligible." The State responded that Detective Snyder was present and able to testify about the equipment used to record the statement, but it was the State's position that any issue with the volume or ability to understand Cabrera went to the weight of the evidence, not the admissibility of the recording. The trial court agreed and denied Cabrera's motion to suppress.

During trial, Detective Snyder testified he interviewed Cabrera, the entire interview was audio and video recorded, and there were no alterations, changes or deletions to the recording. Detective Snyder also identified the *Miranda*[1] card that Cabrera read and signed before the

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

interview. The State then offered Cabrera's recorded statement. Cabrera objected on the ground that "the recording device must be capable of making an accurate record." The trial court overruled Cabrera's objection and admitted the recording.

The recording was played for the jury; at some point, the trial court paused the recording and asked the jurors if they had been able to understand the recording. Three of the twelve jurors indicated they had difficulty hearing. Cabrera reurged his objection to the recording, which the trial court again overruled. Detective Snyder continued testifying, stating Cabrera's demeanor, tone, and clarity changed significantly when he was questioned about P.H. and that he began speaking softly and mumbling. At this point, the trial court stopped the video and moved the jury from the jury box to the rear gallery of the courtroom for "better acoustics." The record does not reflect any complaints regarding difficulty hearing the recording after the jury was moved.

We have reviewed the DVD copy of Cabrera's recorded interview and agree that portions of the recording are difficult to hear. However, our review shows that Cabrera clearly admitted to touching P.H. "everywhere," and when Detective Snyder asked if he touched P.H.'s breasts and whether he pulled her pants down, Cabrera responded affirmatively. Later in the video, Cabrera further admitted to another instance when P.H. rubbed his penis. In addition to confessing to touching P.H. inappropriately, Cabrera also acknowledged that it happened "two other times," once around July 4, 2010, and another time about a year prior. The audible portions of the recording establish that (1) the equipment was capable of making an accurate recording, and (2) Cabrera committed the offense of continuous sexual abuse of a child younger than fourteen years of age. *See* TEX. PENAL CODE 21.02(b).

We further note there is nothing in the record to suggest the State intentionally caused portions of the recording to be rendered inaudible in an attempt to keep out any evidence of responses favorable to Cabrera; rather, the anomalies in the recording are due to Cabrera varying

his tone of voice and Detective Snyder occasionally interrupting him. *See Maldonado*, 998 S.W.2d at 245. Thus, the inaudible portions do not affect the overall reliability of the recording. *See id.* Under these circumstances, we conclude the trial court did not err by admitting the recording of Cabrera's interview by the police. We resolve Cabrera's first issue against him.

## Jury Charge

In his second issue, Cabrera contends the trial court erred by denying his request for a voluntariness instruction regarding his recorded police interview. In support of this contention, Cabrera points to the State's questioning of him about his educational background on cross-examination and argues this was "designed to show his intelligence" in an attempt to "rehabilitate the voluntariness of the statement."

When reviewing claims of jury charge error, we first determine whether there was error in the charge. *Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009). If there was error and the defendant objected to the error at trial, we reverse if the record shows the defendant suffered some harm from the error. *Id.* at 25–26. A jury charge error may occur when a defendant is entitled to an instruction, but the trial court denies his request. *See Vasquez v. State*, 225 S.W.3d 541, 545 (Tex. Crim. App. 2007).

"[A] defendant may be entitled to an instruction on voluntariness even if the facts surrounding his confession are undisputed." *Id.* at 544. "An instruction must be given if a reasonable jury, viewing the totality of the circumstances, could have found that the statement was not voluntarily made." *Id.* Under this standard, evidence must be introduced at trial that would allow a reasonable jury to conclude the confession at issue was not voluntary. *Id.* at 545. In assessing the voluntariness of a statement, a jury may properly consider evidence regarding factors such as youth, intoxication, mental capacity, physical violence toward the defendant, and police overreaching. *Oursbourn v. State*, 259 S.W.3d 159, 172–73 (Tex. Crim. App. 2008). There is no

error in failing to include an instruction if the jury was not presented with evidence raising the issue of voluntariness. *See Vasquez*, 225 S.W.3d at 545.

We first note Cabrera did not seek to suppress his recorded interview on the ground that his statement was involuntary. As noted previously, during the hearing on his motion to suppress his statement obtained during the interview, Cabrera challenged only whether the recording of the interview was audible, expressly stating, "I don't have any substantive objection in terms of coerciveness, or anything like that." Likewise, during trial, Cabrera did not challenge the admission of his statement or the content of the recording on voluntariness grounds. Nevertheless, because Cabrera requested an instruction on voluntariness, we will consider whether the voluntariness of his statement was raised by any evidence at trial.

When the State offered the recording of Cabrera's statement, Detective Snyder testified he read Cabrera his *Miranda* warnings after which he gave Cabrera the same warnings in writing. Once Cabrera read the written warnings and initialed and signed them, Detective Snyder interviewed him. According to the detective, he saw no indications during the interview that Cabrera had any type of mental illness or deficiency, had a low intelligent quotient, or was under the influence of alcohol or drugs.

Cabrera, who was thirty years old at the time of trial, denied touching P.H. or committing any of the acts she testified about. When asked why he admitted committing the offenses to the police during his interview, he said he did so because he was "nervous" and "scared." The State then cross-examined Cabrera and asked him about his educational background. Cabrera told the jury he had graduated from high school with grades of mostly Bs and Cs, and attended community college. He also admitted he understood his rights and knew there were "going to be consequences for the things" he had done to P.H.

As noted previously, we have reviewed Cabrera's recorded police interview, which was admitted at trial and played for the jury. Considering the entirety of the record, including the recording, we agree with the State that there is no evidence that would allow a reasonable jury to conclude Cabrera's confession was not voluntary. Accordingly, we conclude the trial court did not err by denying Cabrera's instruction on voluntariness. We resolve Cabrera's second issue against him.

### Modify Judgment

We note the trial court's judgment incorrectly recites the statute for the offense. Cabrera was convicted of continuous sexual abuse of a child younger than fourteen years of age pursuant to section 21.02 of the Texas Penal Code. The judgment incorrectly recites the statute for the offense as "21.01 Penal Code." Accordingly, on our own motion, we modify the section of the judgment entitled "Statute for Offense" to show "21.02 Penal Code." TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (court of appeals authority to modify incorrect judgment not dependent upon request by party).

As modified, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170318F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ARMANDO CABRERA, Appellant

No. 05-17-00318-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F10-41696-V.
Opinion delivered by Justice Fillmore, Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment entitled "Statute for Offense" is modified to state "21.02 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of July, 2018.